PROB 12A
(7/93)

# United States District Court

## for

## District of New Jersey

## Report on Offender Under Supervision

Name of Offender: Gemal Sheika  
Cr.: 2:05cr0067-01  
PACTS #: 41738

Name of Sentencing Judicial Officer: The Honorable William G. Bassler, Sr.U.S.D.J.  
Name of New Judicial Officer: The Honorable Stanley R. Chesler, U.S.D.J.

Date of Original Sentence: 12/22/05  
Date of Amended Sentence: 04/16/09

| | |
|---|---|
| Original Offense: | Count One - Conspiracy to Defraud the United states - Commit Credit Card and Mail Fraud<br>Count Two - Produces/Traffics in Counterfeit Device - Credit Card Fraud<br>Count Three - Fraud and Swindles - Mail Fraud |
| Original Sentence: | Count 1 - 60 months imprisonment to run concurrent to Counts 2 and 3<br>Count 2 - 78 Months imprisonment to run concurrent to Counts 1 and 3<br>Count 3 - 78 Months imprisonment to run concurrent to Counts 1 and 2 |
| Amended Sentence: | Count 1 - 60 months imprisonment to run concurrent to Counts 2 and 3<br>Count 2 - 71 Months imprisonment to run concurrent to Counts 1 and 3<br>Count 3 - 71 Months imprisonment to run concurrent to Counts 1 and 2 |

Type of Supervision: Supervised Release                    Date Supervision Commenced: 03/09/11

## NONCOMPLIANCE SUMMARY

The offender has not complied with the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The offender was ordered to pay restitution in the amount of $417,389.29. If he was unable to pay the restitution in full, he was ordered to pay an initial lump sum payment of $10,000, due within 30 days of the judgment. Monthly installments of no less than $250 shall commence 30 days after his release from confinement. |

U.S. Probation Officer Action:

The probation office has been monitoring the offender's ability to pay restitution and will continue to monitor his ability to pay with the assistance of the United States Attorney's Financial Litigation Unit. The offender lacks any assets to contribute towards the $10,000 lump sum payment ordered by the Court. However, he has been paying $250 per month since his release from custody and he took part in the Bureau of Prisons Inmate Financial Responsibility program. He has paid $2,025.58 towards restitution.

PROB 12A - Page 2<br>Gemal Sheika

The probation office will continue to monitor the offender's ability to pay restitution and will report any failures on the offender's behalf to pay restitution promptly to the Court.

Respectfully submitted,<br>
By: Patrick Hattersley<br>
U.S. Probation Officer<br>
Date: 06/03/11

*No Response is necessary unless the court directs that additional action be taken as follows:*

[ ] Submit a Request for Modifying the Conditions or Term of Supervision
[ ] Submit a Request for Warrant or Summons
[✗] Other    *no action*

Signature of Judicial Officer

6/6/2011
Date

**UNITED STATES DISTRICT COURT**
PROBATION OFFICE
**DISTRICT OF NEW JERSEY**

WILFREDO TORRES
CHIEF PROBATION OFFICER

THOMAS S. LARSON
SUPERVISING PROBATION OFFICER

June 4, 2011

200 FEDERAL PLAZA
ROOM 130
P.O. BOX 2097
PATERSON, NJ 07509-2097
(973) 357-4080
FAX: (973) 357-4092
www.njp.uscourts.gov

The Honorable Stanley R. Chesler
United States District Judge
Martin Luther King, Jr., Federal Building and Courthouse
P.O. Box 999
Newark, New Jersey 07102

RE: SHEIKA, Gemal
Docket No.: 2:05cr0067-01
<u>Notification of Offender's Failure to Pay Restitution and Request No Action</u>

Dear Judge Chesler:

On August 4, 2005, the above listed offender was found guilty of three (3) counts: Count 1 - Conspiracy to Defraud the United States - Commit Credit Card Fraud and Mail Fraud; Count 2 - Produces/Traffics in Counterfeit Device - Credit Card Fraud; and Count 3 - Fraud and Swindles - Mail Fraud. On December 22, 2005, he appeared before the Honorable William G. Bassler, Sr.U.S.D.J., and was sentenced to sixty (60) imprisonment for Count 1 and seventy-eight (78) months imprisonment for Counts 2 and 3. All counts were ordered to run concurrent to one another. He was placed on supervised release for three (3) years with the following special conditions: full financial disclosure; no new debt; cooperate in the collection of DNA; participate in domestic violence counseling and pay restitution in the amount of $417,389.29. The restitution was ordered to be paid with a lump sum payment of $10,000 due within thirty (30) days of the judgment and in installments of $250 per month, beginning thirty (30) days after his release from prison.

On April 16, 2009, Your Honor amended the sentence as to Counts 2 and 3, reducing the term of imprisonment for these counts from 78 months to 71 months. The terms were concurrent each other and Count 1. All the special conditions remained in effect.

On March 9, 2011, the offender was released from the Bureau of Prisons and supervised release was initiated. Upon release, the offender took residence with his wife and children in a rented apartment in Garfield, New Jersey, and has secured employment as a limousine driver for Royal Limousine.

The purpose of this letter is to inform the Court of the offender's inability to pay the lump sum payment of $10,000 towards restitution. While the offender was incarcerated, his wife was forced to sell off all assets, including their home, in order to support herself and their children. She used the assets obtained from the residence to pay back debts owed to family, maintain her family and secure an apartment. The offender has complied with his special conditions of supervised release

The Honorable Stanley R. Chesler, U.S.D.J.
Page 2
June 4, 2011

and has provided full disclosure of his financial records. The probation office is convinced the offender does not have the resources to make the lump sum payment of $10,000. He did participate in the Bureau of Prisons Inmate Financial Responsibility Program and has been making monthly payments of $250.00. He has paid a total of $2,025.58.

At this time, it is recommended the Court take no adverse action towards the offender's inability to pay the lump sum payment of $10,000. The probation office, with the assistance fo the United States Attorney's Office - Financial Litigation Unit, will continue to monitor the offender's finances and ability to pay restitution and will report any concerns to the court promptly.

Should the Court concur with our recommendation, no action is necessary. If Your Honor wishes to discuss this matter in greater detail or desires a sanction or court appearance from the offender, we remain available at the Court's convenience.

Respectfully submitted,

WILFREDO TORRES, Chief
U.S. Probation Officer

By: Patrick T. Hattersley
U.S. Probation Officer

/pth